UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PATRICIA A. COLLUM,

       Plaintiff,

       v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,[1]

       Defendant.

Civil No. 06-992-HA

OPINION AND ORDER

HAGGERTY, Chief Judge:

    Plaintiff Patricia A. Collum brings this action for judicial review of a final decision from defendant Commissioner denying plaintiff's application for Supplemental Security Income (SSI) benefits. Plaintiff protectively filed an application for these benefits on May 30, 2001. Her application was denied initially and upon reconsideration. Plaintiff requested a hearing before an Administrative Law Judge (ALJ). The ALJ issued a ruling concluding that plaintiff was not

---

[1] On February 12, 2007, Michael J. Astrue became Commissioner of Social Security and he is substituted in these proceedings as such. 42 U.S.C. § 405(g); Fed. R. Civ. P. 25 (d)(1).

1 - OPINION AND ORDER

entitled to benefits. That decision was appealed and, by stipulation of the parties, remanded for further proceedings.

Plaintiff filed a second application for SSI benefits on October 22, 2004. The ALJ conducted a new hearing on October 10, 2005, at which the ALJ heard testimony from plaintiff, who was represented by an attorney, a medical expert, John Crossen, Ph.D., and a Vocational Expert (VE).

On April 27, 2006, the ALJ issued a decision regarding both applications concluding that, absent drug and/or alcohol abuse on the part of plaintiff, she could perform her past relevant work. The ALJ ruled, alternatively, that work existed in significant numbers in the national economy that plaintiff could perform. Plaintiff's applications for SSI benefits were therefore denied. This decision became the Commissioner's final decision upon the Appeals Council's denial of review. *See* 20 C.F.R. §§ 404.981, 416.1481, 422.210. Plaintiff subsequently filed a Complaint seeking this court's judicial review.

## BACKGROUND

The relevant background has been presented thoroughly by the parties and in the ALJ's decision, and need be only summarized here. Plaintiff was thirty-six years old at the time of the ALJ's most recent decision. She has a tenth-grade education and past relevant work experience as a cook, housekeeper, film sorter, and inventory auditor. Tr.[2] 84, 902. She alleges that her disability began on January 1, 2001, stemming from various physical and mental impairments,

---

[2] Citations beginning with "Tr." refer to pages in the official transcript of the administrative record filed with the Commissioner's Answer.

including a right knee impairment, an inability to be around people, paranoia, obsessive compulsive behavior, depression, panic attacks, and posttraumatic stress disorder.

Plaintiff offered little testimony at the 2005 hearing, perhaps in accordance with counsel's statement that "[t]here is nothing that's changed as far as I know . . . with her since the last hearing." Tr. 890. At the 2003 hearing, plaintiff testified that she felt constant pain throughout her body, particularly in her legs, shoulders, and arms. Tr. 561. She also testified that she experienced panic attacks, nightmares, suicidal thoughts, and paranoia when she went out into public. Tr. 566-68. Plaintiff acknowledged that she was attending alcohol and substance abuse groups, and stated that she had not consumed alcohol for "about a year" and not used methamphetamine for "about two years." Tr. 560. More specific medical facts and background will be addressed as necessary in conjunction with the parties' remaining legal arguments.

## **STANDARDS**

To establish an eligibility for benefits, a plaintiff has the burden of proving an "inability to engage in any substantial gainful activity (SGA) by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for benefits because of disability. 20 C.F.R. §§ 404.1520, 416.920; *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989).

First, the Commissioner determines whether the claimant is engaged in SGA. If the claimant is so engaged, disability benefits are denied. If not, the Commissioner proceeds to step

two and determines whether the claimant has a medical impairment that meets the regulatory definition of "severe." 20 C.F.R. § 404.1520(a). If the claimant lacks this kind of impairment, disability benefits are denied. 20 C.F.R. § 404.1520(c).

If the claimant's impairment is severe, the Commissioner proceeds to the third step to determine whether the impairment is equivalent to one or more impairments that the Commissioner has recognized to be so severe they are presumed to preclude SGA. 20 C.F.R. § 404.1520(d). These are listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listing of Impairments"). If the claimant's condition meets or equals one in the Listing of Impairments, the claimant is presumed conclusively to be disabled.

If the impairment is not one that is presumed to be disabling, the Commissioner proceeds to the fourth step to determine whether the impairment prevents the claimant from engaging in work that the claimant has performed in the past. If the claimant is able to perform his or her former work, a finding of "not disabled" is made and disability benefits are denied. 20 C.F.R. § 404.1520(e).

If the claimant is unable to perform work that he or she has performed in the past, the Commissioner proceeds to the fifth and final step to determine if the claimant can perform other work in the national economy in light of his or her age, education, and work experience.

The claimant bears the initial burden of establishing his or her disability. In this five-step framework used by the Commissioner, the claimant has the burden of proof as to steps one through four.

However, in step five, the burden shifts to the Commissioner to show there are a significant number of jobs in the national economy that the claimant can perform given his or her

residual functional capacity (RFC), age, education, and work experience. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996) (citations omitted).

If the Commissioner cannot meet this burden, the claimant is considered disabled for purposes of awarding benefits under the Act. 20 C.F.R. § 404.1520(f)(1). If the Commissioner meets this burden, the claimant must be deemed not disabled for purposes of determining benefits eligibility. 20 C.F.R. §§ 404.1566, 404.1520(g).

A claimant may not be considered disabled if drug addiction or alcoholism (DAA) is material to the claimant's disability. 42 U.S.C. § 423(d)(2)(C). If the claimant is found to be disabled and medical evidence of a substance abuse disorder exists, the Commissioner must determine whether the claimant's DAA is a contributing factor material to the finding of disability. 20 C.F.R. §§ 404.1535, 416.935; *see also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001). Evidence of DAA is considered material if the claimant would not be disabled if he or she stopped using alcohol or drugs. 20 C.F.R. §§ 404.1535(b), 416.935(b). The claimant bears the burden of showing that DAA does not materially contribute to his or her disability. *Ball v. Massanari*, 254 F.3d 817, 821 (9th Cir. 2001) (citations omitted).

The Commissioner's decision must be affirmed if it is based on proper legal standards and its findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett v. Apfel*, 180 F.3d 1094, 1097-98 (9th Cir. 1999) (citations omitted); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) (citations omitted). Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted). This court must uphold the Commissioner's denial of

benefits even if the evidence is susceptible to more than one rational interpretation, as long as one of the interpretations supports the decision of the ALJ. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citation omitted).

The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Tackett*, 180 F.3d at 1098 (quotation and citation omitted). The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in instances in which the evidence would support either outcome. *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003) (citation omitted); *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998) (citations omitted). A decision to deny benefits may be set aside only if the ALJ's findings are based on legal error or are not supported by substantial evidence in the record. *Benton*, 331 F.3d at 1035.

## SUMMARY OF ALJ'S FINDINGS

At step one of the five-step analysis used by the Commissioner, the ALJ found that plaintiff had not engaged in SGA since her alleged disability onset date. Tr. 478, Finding 1.

At step two, the ALJ found that plaintiff had severe mental and physical impairments, including anxiety NOS/PTSD, possibly drug-induced; depression/dysthymia; substance abuse including methamphetamine, alcohol, and medications; and "right knee status post two surgeries." Tr. 478-81, Finding 2.

At step three, the ALJ found that plaintiff's impairments, individually and in combination, did not meet or equal the requirements of a listed impairment when considered in absence of her DAA. Tr. 481-82, Finding 3.

At step four, based in part upon the testimony of a Vocational Expert (VE) the ALJ found that plaintiff is able to perform her past relevant work as a film sorter. Tr. 482-83, Finding 5. The ALJ so found after determining that plaintiff has a RFC independent of substance abuse of light and sedentary work with no close interaction with the general public, and can perform simple tasks with no detailed instructions or problem-solving, and no rushed work when brief inattention would cause problems. Tr. 482, Finding 4.

Alternatively, the ALJ found at step five that plaintiff could perform other work existing in significant numbers in the national economy, such as working in such positions as a polisher/visual inspector, table worker, and retail garment sorter. Tr. 483; *see also* 20 C.F.R. §§ 416.920(a)(4)(v), 416.920(g).

## QUESTION PRESENTED

Plaintiff contends that this court should reverse and remand the Commissioner's final decision for further findings or for an award of benefits primarily due to the following alleged errors by the ALJ: (1) failing to address medical evidence properly; and (2) relying on erroneous vocational testimony regarding plaintiff's ability to perform her past relevant work as a film sorter. This court has examined each of plaintiff's arguments, and concludes that they are without merit.

## DISCUSSION

In concluding that plaintiff is not entitled to SSI benefits, the ALJ rejected some opinions of medical personnel who treated or consulted with plaintiff. Primarily, plaintiff assigns error to the ALJ's analysis of opinions from David Truhn, Psy.D. *See* Pl.'s Brief at 14-15.

While clear and convincing reasons are required to reject an examining physician's uncontradicted opinion, an ALJ need only provide specific and legitimate reasons, supported by substantial evidence, to reject an examining physician's opinion that is contradicted by another physician. *Andrews*, 53 F.3d at 1041. An ALJ may properly disregard a medical opinion, even the opinion of an examining source, which is based on the self-reporting of a properly discredited claimant. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (citation omitted).

The ALJ acknowledged Dr. Truhn's opinion, based on an evaluation and test dated April 29, 2004, that plaintiff had significant difficulty with concentration and attention, significantly impaired general fund of knowledge and long-term memory, and low frustration tolerance. Tr. 481. The ALJ also noted evidence that plaintiff was using methamphetamine during April and May 2004, and concluded properly that Dr. Truhn's evaluation could not establish plaintiff's level of impairment absent her abuse of drugs.

The ALJ also considered the opinions of Dr. Crossen and Erik Fisher, M.D., and in determining that plaintiff had no significant mental impairment that was independent of her long-standing and continuing abuse of drugs and alcohol. Tr. 480-81. In so concluding, the ALJ relied upon plaintiff's admission that she is a "chronic liar," and her "multiple inconsistent statements on last substance abuse, medication use, and mental pathology." Tr. 479, 509. The ALJ also relied on repeated diagnoses of substance abuse from various caregivers in 2003 and 2004, and the variability in plaintiff's symptomatology when examined by mental health professionals, which gave rise to a correlation between plaintiff's symptoms and her substance abuse. Tr. 479-80; 507-09. Specifically, the ALJ concluded reasonably that the evidence

8 - OPINION AND ORDER

suggested that plaintiff experienced "improvement with abstinence and medications compliance." Tr. 480.

The ALJ concluded that "[w]ithout substance abuse, the claimant has only mild restriction of activities of daily living; her social functioning is on the mild end of moderate secondary to long-standing depression; and concentration, persistence, or pace is also on the mild end of moderate difficulties." Tr. 482. This conclusion was supported by substantial evidence, including the ALJ's analysis of the evaluations of a number of identified medical caregivers, a determination of plaintiff's credibility, and an examination of plaintiff's reported medical problems and their correlation to possible substance abuse. Tr. 479-80; 507-09.

The ALJ took into account Dr. Fisher's evaluation, which indicated that plaintiff was not anxious or depressed and was "well disclosing," at a point when she was four months clean and sober. Tr. 480. The ALJ also considered the opinion of Dr. Crossen that plaintiff's anxiety disorder "appeared to be triggered by periodic drug abuse," that her periodic symptoms of panic "were likely related to substance abuse and . . . resolved over time with abstinence," and that references to a personality disorder "also appeared to be related to substance abuse." Tr. 481.

In particular, the ALJ recognized Dr. Crossen's opinion that Dr. Truhn's conclusions regarding plaintiff's limitations did not seem to agree with his actual written report, and that "there was nothing in the report to support the level of severity that was indicated by his check marks." *Id.* Doctor Truhn's diagnoses hinged largely upon plaintiff's presentation of subjective allegations, and the ALJ determined properly that plaintiff lacked credibility. Tr. 480.

Accordingly, the ALJ properly considered the medical opinions of record and did not err in his evaluation of them. This court concludes that the ALJ set forth adequately specific and

legitimate reasons for rejecting the opinions of Dr. Truhn and other medical personnel who opined that plaintiff might have a significant, independent mental impairment. Specifically, the ALJ concluded properly that plaintiff's DAA remained a contributing factor material to evaluating plaintiff's eligibility for disability benefits, relying upon evidence of plaintiff's abuse of methamphetamine and the likelihood that such abuse could be continuing, and reasonable interpretations of the opinions offered by medical personnel. Tr. 480-83.

Additionally, this court has reviewed the ALJ's analysis of plaintiff's RFC and concludes that the analysis is supported by substantial evidence. In particular, the ALJ properly considered evidence of plaintiff's knee condition and second right-knee surgery, which took place in April 2005. Tr. 479. The ALJ's light RFC finding was supported by substantial evidence, including orthopedic records showing only a small amount of effusion and some moderate joint line tenderness to palpation, no obvious erythema, full range of extension/flexion motion, and a neurovascular examination revealing plaintiff's condition to be intact. *Id.*

Finally, even if the ALJ relied on erroneous vocational testimony regarding plaintiff's ability to perform work as a film sorter, plaintiff made no objections to the ALJ's alternative step-five analysis concluding that plaintiff could perform other work that is available in significant numbers in the national economy. Accordingly, assuming without deciding that plaintiff raised a meritorious challenge to the conclusion that she could return to work as a film sorter, any error would be harmless.

///

///

///

**CONCLUSION**

Based on the foregoing, the findings of the Commissioner are based upon the correct legal standards and are supported by substantial evidence in the record. The final decision of the Commissioner denying plaintiff Patricia A. Collum's applications for SSI benefits is AFFIRMED.

IT IS SO ORDERED.

DATED this   8   day of August, 2007.

                                            /s/ ANCER L. HAGGERTY  
                                             ANCER L. HAGGERTY  
                                             United States District Judge